UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**FRANCISCO SANTANA, # 13484-050**                                                                **PETITIONER**

**VERSUS**                                                             **CIVIL ACTION NO. 3:14cv118-CWR-FKB**

**WARDEN FISCHER**                                                                                        **RESPONDENT**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

BEFORE THE COURT is *pro se* Petitioner Francisco Santana's Petition for Writ of Habeas Corpus [1], pursuant to 28 U.S.C. § 2241, and Memorandum in Support [2]. He is incarcerated with the Bureau of Prisons at the Federal Corrections Complex–Yazoo City. He challenges the conditions of his confinement while he was previously housed at the McKean Federal Correctional Institution in Pennsylvania. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed without prejudice.

On February 12, 2014, Santana filed this Petition, specifically invoking § 2241, and he paid the $5.00 filing fee on April 8. According to the Petition, on September 6, 2009, he was housed at the FCI-McKean. On that day, his family was visiting with him in the visitation room, when he became sick at his stomach. He claims that because of something he ate, he had a dire need to use the restroom, but a certain correctional officer continuously denied Santana's requests to do so. Eventually, he claims, he was forced to cut short the visitation and he defecated himself accidentally, because he was not allowed to use the restroom. He brings claims for cruel and unusual punishment as well as negligence. As relief he requests a completed investigation into this matter, for the correctional officer to be sanctioned and reprimanded, and an apology to Santana and his family.

A petitioner may use § 2241 to attack the manner in which his sentence is being executed. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). A habeas action is the proper vehicle to seek speedier release from custody. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Section 2241 is not available when a petitioner seeks "injunctive relief unrelated to the cause of his detention." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Therefore, claims challenging the conditions of confinement are not cognizable under § 2241. *Id.* Rather, they should be brought in either a civil rights or Federal Tort Claims action. *Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. Feb. 18, 2009); *Rourke*, 11 F.3d at 49.

Petitioner does not seek speedier release from custody. Instead he challenges conditions of his confinement--the denial of the opportunity to use the restroom and of an uninterrupted visit from his family. Since § 2241 is not available to provide him relief from such conditions, this action is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 9th day of April, 2014.

                                                            s/Carlton W. Reeves
                                                           UNITED STATES DISTRICT JUDGE